IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RICO MITCHELL                                                          PLAINTIFF

v.                                      CIVIL ACTION NO. 1:23-cv-220-TBM-RPM

PERDIDO TRUCKING, LLC                                              DEFENDANT

<u>ORDER GRANTING MOTION TO TRANSFER VENUE</u>

*Pro se* Plaintiff, Rico Mitchell, brought this suit pursuant to Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, and the Surface Transportation Assistance Act. He alleges that Perdido Trucking, LLC, his employer, discriminated against him based on his race; that his workplace was hostile and unsafe; and that he was terminated for reporting a safety issue. Instead of filing an answer, Perdido has instead filed the instant Motion [10] to Transfer Venue to the Southern District of Alabama. Perdido argues that, based on the special venue provision for Title VII cases—42 U.S.C. § 2000e-5(f)(3)—venue is improper in the Southern District of Mississippi. Alternatively, Perdido argues that, for the convenience of the parties, venue should be transferred pursuant to 28 U.S.C. § 1404(a). As discussed fully below, although venue is proper in the Southern District of Mississippi, upon review of the Section 1404(a) factors, this action should be transferred to the Southern District of Alabama. Thus, Perdido's Motion [10] to Transfer Venue is denied in part and granted in part. This action will be transferred to the Southern District of Alabama.

**I. BACKGROUND AND PROCEDURAL HISTORY**

In May of 2022, Rico Mitchell was hired by Perdido Trucking, LLC as a driver. [1-1], pg. 4. Mitchell alleges that Perdido began to discriminate against him because of his race "after a

meeting on September 29, 2022. The work place became hostile and unsafe." [1], pg. 4; [1-1], pg. 4. Mitchell also asserts that he was "subjected to offensive comments by a shop foreman" in November of 2022. [1-1], pg. 4. In January of 2023, Mitchell reported that his truck "was being tampered with by a mechanic." [1-1], pg. 4. And after reporting this safety issue, Mitchell claims that he was "discharged for insubordination on or about May 10, 2023." [1-1], pg. 4; [1]; pg. 4.

Mitchell then filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") on June 15, 2023. After receiving his right to sue letter, Michell, a resident of Jackson County, Mississippi, filed suit in this Court on August 30, 2023, against Perdido Trucking a resident of Mobile County, Alabama, asserting various claims for violations of Title VII, the Civil Rights Act, and the Surface Transportation Assistance Act. Because Mitchell is proceeding *pro se* and *in forma pauperis*, the Court conducted an Omnibus hearing on November 30, 2023, where Mitchell clarified his claims. Following the Omnibus hearing, the Court directed the United States Marshal Service to serve the summons on Perdido.

After receiving service, Perdido filed the instant Motion [10] to Transfer Venue. Mitchell opposes transfer, arguing that "defendants are worried about trying this case before the Southern District [of] MS, so in the interest of justice this case should remain here." [12], pg. 1.[1]

## II. TITLE VII VENUE PROVISION

Perdido argues that venue is improper in the Southern District of Mississippi and that this action should be transferred to the Southern District of Alabama in accordance with the special venue provision for Title VII cases. This special venue provision for Title VII cases "displaces the

---

[1] When asked why he filed suit in this Court rather than in the Southern District of Alabama, Mitchell testified at the Omnibus hearing that he "thought [this court] handled the area—like the area maybe even in Alabama, Louisiana, whatever that case. That's what I thought y'all covered." [9], pg. 11.

general venue provision set out in 28 U.S.C. § 1391." *Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 (5th Cir. 2013). Under Title VII's venue provision, venue is proper "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3).

Although Perdido argues that this action was filed in the wrong venue, Perdido concedes that "but for the alleged unlawful employment practice Plaintiff . . . would have worked in both the Southern District of Alabama and the Southern District of Mississippi." [11], p. 3. This satisfies the third way that venue can be shown under the Title VII venue provision. So venue is proper in the Southern District of Mississippi under 42 U.S.C. § 2000e-5(f)(3) and Perdido's Motion is denied on this ground.

### III. SECTION 1404(a) GENERAL VENUE PROVISION

Although venue is proper in the Southern District of Mississippi, Perdido alternatively seeks transfer of this action to the Southern District of Alabama for the convenience of the parties under 28 U.S.C. § 1404(a). Section 1404(a) permits transfer of a case "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

#### A. Proper Venue

In applying Section 1404(a), a district court must first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been

filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003)). "Where a case involves more than one cause of action, venue must be proper as to each claim asserted." *Emelike v. L-3 Commc'ns Corp.*, No. 3:12-cv-2470, 2013 WL 1890289, at *2 (N.D. Tex. May 7, 2013) (citing *Tucker v. U.S. Dep't of Army*, 42 F.3d 641, 641 (5th Cir. 1994)). The Court will first consider venue as to Mitchell's Title VII claim and will then turn to his claims arising under the Civil Rights Act and the Surface Transportation Assistance Act, respectively.

For Mitchell's Title VII claim, 42 U.S.C. § 2000e-5(f)(3) states that "[f]or purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought." 42 U.S.C. § 2000e-5(f)(3). Because Perdido Trucking's principal office is in Mobile, Alabama, venue for Mitchell's Title VII claim is proper in the Southern District of Alabama.

Mitchell also asserts a claim under the Civil Rights Act (42 U.S.C. § 1981) and the Surface Transportation Assistance Act (49 U.S.C. § 31105)—neither of which contains a specific venue provision. *Tabler v. Davis*, No. 1:20-cv-111-ZH, 2020 WL 1324772, at *1 (E.D. Tex. Mar. 20, 2020) (citation omitted); *Lara v. Mail Room Ferguson Unit*, No. 9:23-cv-57, 2023 WL 2616094, at *1 (E.D. Tex. Mar. 23, 2023) (citing *Jones v. Bales*, 58 F.R.D. 453, 458 (N.D. Ga. 1972)). Thus, the general venue provision set out in 28 U.S.C. § 1391 applies to Mitchell's claims arising under the Civil Rights Act and the Surface Transportation Assistance Act.[2] It provides that venue is proper in:

---

[2] 28 U.S.C. § 1391 "states that '[e]xcept as otherwise provided by law . . . this section shall govern the venue of all civil actions brought in district courts of the United States.'" *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Texas*, 571 U.S. 49, 55, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013) (alterations in original) (quoting 28 U.S.C. § 1391(a)(1)).

4

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "[A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

Mitchell alleges, and Perdido agrees, that Perdido has its principal place of business and place of residence in Mobile, Alabama. As a result, the Southern District of Alabama may exercise *personal* jurisdiction over Perdido.[3] Venue is therefore proper in the Southern District of Alabama for Mitchell's claim under the Civil Rights Act and the Surface Transportation Assistance Act.

---

[3] "Alabama's long-arm 'statute,' which is actually Rule 4.2, Ala. R. Civ. P., extends to the limits of due process." *Ex parte Aladdin Mfg. Corp.*, 305 So. 3d 214, 237 (Ala. 2019) (internal quotation marks omitted) (quoting *Leithead v. Banyan Corp.*, 926 So. 2d 1025, 1030 (Ala. 2005)). "The Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over a foreign defendant when (1) 'that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice.'" *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002) (quoting *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999)).

Where, as here, a defendant's contacts with the forum state "are so continuous and systematic as to render [it] essentially at home in the forum state[,]" a court in that state may exercise jurisdiction over that defendant for all purposes. *Daimler AG v. Bauman*, 571 U.S. 117, 127, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) (internal quotation marks omitted) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011)). Additionally, "[t]his is not one of the rare cases where exercising personal jurisdiction would offend traditional notions of fair play and substantial justice." *GSK Techs., Inc. v. Schneider Elec., S.A.*, No. 6:06-cv-361, 2007 WL 788343, at *4 (E.D. Tex. Mar. 14, 2007). Perdido's ties to Alabama are extensive, and Perdido agrees that it is a resident of Alabama.

**B.  Convenience**

Having determined that venue would be proper in the transferee court, this Court must now determine whether Perdido has shown that the Southern District of Alabama is a more convenient forum. *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024) ("Transfer under 28 U.S.C. § 1404(a) is properly granted only if the moving party 'clearly establishes good cause' by 'clearly demonstrating that a transfer is for the convenience of parties and witnesses, in the interest of justice.'"). "The determination of 'convenience' turns on a number of private and public interest factors, none of which are given dispositive weight." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citation omitted).

"The private [interest factors] include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981)). The public interest factors include: (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id*. The Court will consider each in turn.

**1. Relative ease of access to sources of proof**

The first private interest factor focuses on the location of "documents and physical evidence relating to the [case]." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008). "The question is *relative* ease of access, not *absolute* ease of access." *In re Radmax, Ltd.*, 720 F.3d

6

285, 288 (5th Cir. 2013) (emphasis in original). Although this factor bears less strongly on the transfer analysis "when the vast majority of the evidence is electronic, and therefore equally accessible in either forum," this factor remains important to the transfer analysis. *In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023) (quotation omitted); *In re Volkswagen of America, Inc.*, 545 F.3d at 316 ("That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous.").

Perdido asserts that "[i]t is expected that the primary sources of proof in this matter will be corporate documents of Perdido" such as all of its employment records and policies and practices, which are maintained and administered in the Southern District of Alabama. [11], pg. 5. Mitchell does not rebut Perdido's argument and "has given no indication that there is any proof located in this District. Accordingly, because all the proof is likely located within the Southern District [of Alabama], this factor weighs in favor of transfer." *Young v. Waldron*, No. 1:15-cv-14-ZH, 2015 WL 13694664, at *2 (E.D. Tex. May 22, 2015); *El Dorado Oil & Gas, Inc. v. Alaniz*, No. 1:22-cv-248-LG, 2024 WL 289353, at *7 (S.D. Miss. Jan. 25, 2024) (finding that the transferee forum "facilitates access to sources of proof.").

### 2. Availability of compulsory process

"The second private interest factor is the availability of compulsory process to secure the attendance of witnesses." *In re Volkswagen of America, Inc.*, 545 F.3d at 316. This factor "mainly applies to compulsory process over unwilling, nonemployee witnesses." *Morgan v. Sewell*, No. 5:22-cv-89-DCB, 2023 WL 2027806, at *3 (S.D. Miss. Feb. 15, 2023) (collecting cases). Neither Perdido nor Mitchell identify any unwilling witnesses. And "[w]hen no party has alleged or shown any witness's unwillingness [to testify], a court should not attach much weight to the compulsory

process factor." *Turner v. Cincinnati Ins. Co.*, No. 6:19-cv-642, 2020 WL 210809, at *3 (W.D. Tex. Jan. 14, 2020). Accordingly, this factor is neutral. *Equal Emp. Opportunity Commission v. Faurecia Auto. Seating, LLC*, No. 4:16-cv-199-DMB, 2017 WL 4158624, at *4 n.4 (N.D. Miss. Sep. 19, 2017) (collecting cases finding the compulsory process factor neutral when the movant "failed to show that any of the prospective witnesses would be unwilling to testify absent a subpoena").

### 3. Cost of attendance for willing witnesses

The third private interest factor is "the cost of attendance for willing witnesses." *In re Volkswagen of America, Inc.*, 545 F.3d at 315. "Our circuit uses a '100-mile thresh-old' in assessing this factor." *In re TikTok, Inc.*, 85 F.4th 352, 361 (5th Cir. 2023) (quoting *In re Volkswagen of America, Inc.*, 545 F.3d at 317). "When the distance between an existing venue for trial . . . and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to the witnesses increases in direct relationship to the additional distance to be traveled." *Id.* (alteration in original) (quotation marks omitted) (quoting *In re Volkswagen of America, Inc.*, 545 F.3d at 317). Additionally, "if a substantial number of witnesses reside in one venue and no witnesses reside in another, the factor will weigh in favor of the venue where witnesses reside." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). This is an "obvious conclusion" because "it is more convenient for witnesses to testify at home[,]" and "additional distance means additional travel time . . . meal and lodging expenses" and time "witnesses must be away from their regular employment." *In re TikTok, Inc.*, 85 F.4th at 361.

To begin, Perdido's proposed venue, the Southern District of Alabama, is in Mobile, Alabama which is within 100 miles of this Court. And other than Mitchell, who resides 46 miles from the courthouse in the Southern District of Alabama and 35 miles from this Court, no other

Mississippi residents have been identified as witnesses.[4] Perdido, however, has identified eleven potential witnesses who reside in the Southern District of Alabama. And Mobile, Alabama, is approximately 75 miles from this Court. So, Mitchell would drive an extra 11 miles to the Mobile courthouse than he would to the Gulfport courthouse. But potentially eleven witnesses for Perdido would drive around 75 miles to the Gulfport courthouse. Because the Court may consider the costs imposed on witnesses when the proposed transfer is within the 100-mile threshold, the Court finds this factor weighs slightly in favor of transfer. *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013) (explaining that the 100 mile rule "did not, however, imply that a transfer *within* 100 miles does not impose costs on witnesses or that such costs should not be factored into the venue-transfer analysis, but only that this factor has greater significance when the distance is greater than 100 miles."); *Holloway v. City of Forth Worth*, No. 4:23-cv-487, 2024 WL 96666, at *6 (E.D. Tex. Jan. 9, 2024) (finding the cost of attendance factor weighed slightly in favor of transfer when 30 witnesses resided in the transferee district).

### 4. All other practical problems

The last private-interest factor includes "all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Here, neither party submits evidence of any practical problems, so this factor is neutral. *See Swissdigital USA Co., Ltd. v. Wenger S.A.*, No. W-21-cv-453-ADA, 2022 WL 1491348, at *4 (W.D. Tex. May 11, 2022) (finding this factor neutral where "[n]either party identified any other practical problems); *Trustmark Nat. Bank v. First NBC Bank*, No. 3:13-cv-185-DPJ, 2013 WL 5278238, at *3

---

[4] Mitchell testified at the Omnibus hearing that Pat Driver, who was Mitchell's direct supervisor at Perdido's office in Alabama, may be a Mississippi resident but that he was not sure. [9], pg. 12.

(S.D. Miss. Sep. 18, 2013); *In re TikTok, Inc.*, 85 F.4th 352, 362-63 (5th Cir. 2023) (discussing this factor and finding it neutral).

### 5. Court congestion

The first public interest factor is "the administrative difficulties flowing from court congestion." *In re Volkswagen of America, Inc.*, 545 F.3d at 315. Here, the Court is unaware of any administrative difficulties that would arise from transferring or retaining this case, and Perdido does not address this factor in detail. Instead, Perdido simply states that the "transfer of this action would result in no administrative difficulties for the Courts." [11], pg. 5. Accordingly, this factor is neutral. *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013) (finding district court correctly found this factor neutral where the parties did not alert the court to any "potential administrative difficulty.").

### 6. Local interest

The second public interest factor is "the local interest in having localized interests decided at home." *In re Volkswagen of America, Inc.*, 545 F.3d at 315. In assessing this factor, a court must determine whether there are "significant connections between a particular venue and the events that gave rise to a suit." *In re TikTok, Incorporated*, 85 F.4th at 364 (internal quotation marks omitted) (quoting *Def. Distributed v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022)). Accordingly, "the place of the alleged wrong is one of the most important factors in venue determinations." *In re TikTok, Incorporated*, 85 F.4th at 364 (quotation omitted). Based on Mitchell's testimony at the Omnibus hearing on November 30, 2023, the majority of the conduct giving rise to his claims for race discrimination, hostile work environment, and wrongful termination occurred in the Southern District of Alabama. For example, Mitchell testified that his race discrimination claim arose out of

conduct that occurred at Perdido's office in Mobile, Alabama, when he took his work truck in for maintenance. [9], pp. 10, 13-17. He also testified that his hostile work environment claims arose out of conduct that primarily occurred in Mobile, Alabama—Mitchell specifically testified that if anyone disagreed with Ray Spencer's rhetoric, a Perdido employee, "he'd say, 'Well I've got my gun right here. . . I ain't gotta go far. I've got mine right here. I can get it and do whatever.'" [9], pg. 31.[5] Finally, Mitchell testified that Perdido wrongfully terminated him after he went to Perdido's office in Mobile, Alabama, on his day off to report a safety issue with his truck. [9], pp.10, 19, 33.

The Fifth Circuit has also held that "this factor can weigh against transfer when the 'citizens of [the transferor district] have a greater stake in the litigation than the citizens of [the transferee district].'" *In re TikTok, Incorporated*, 85 F.4th at 364 (citation omitted). This is because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *In re Volkswagen AG*, 371 F.3d at 206. Here, Perdido argues that the local interest is in the Southern District of Alabama because that is "where Perdido's headquarters are located and where its corporate decisions are made[.]" [11], p. 6. Additionally, the Court finds that the people of the Southern District of Alabama have a strong interest in whether a local business has discriminated against one of its employees. *See Clark v. United States*, No. EP-23-cv-305-KC, 2024 WL 1460764, at *5 (W.D. Tex. Apr. 2, 2024) (finding this factor weighs in favor of transfer because the "factual allegations in the Complaint center on the allegedly negligent care [plaintiff] received in [the transferee district]."); *Lacey v. United States*, No. EP-23-cv-466-KC,

---

[5] Based on Mitchell's testimony at the Omnibus hearing, it appears that one of his claims for hostile work environment may arise from conduct occurring in Pascagoula, Mississippi, when his vehicle was repeatedly locked in the parking lot at Bayou Concrete. [9], pg. 32. But this does not seem to be the crux of his hostile work environment claim. Even still, Pascagoula is directly in between Mobile and Gulfport.

2024 WL 1550443, at *5 (W.D. Tex. Mar. 20, 2024) (finding this factor weighs in favor of transfer because "most of the events at issue took place" in the transferee district); *Ritchie v. City of Austin*, No. SA-17-ca-377-FB, 2018 WL 11471668, at *5 (W.D. Tex. Sep. 30, 2018) (finding this factor weighs in favor of transfer because "the majority of the witnesses are located there and the alleged wrongdoing" occurred there and "is something of considerable interest to the residents in the [transferee district]."); *Coleman v. Trican Well Serv., L.P.*, 89 F. Supp. 3d 876, 885 (W.D. Tex. 2015) (finding this factor favors transfer because the transferee district "has an interest in adjudicating a dispute between an employer located within its boundaries and its workers."); *Frederick v. Advanced Fin. Sols., Inc.*, 558 F. Supp. 2d 699, 706 (E.D. Tex. 2007) (finding this factor favors transfer in age discrimination case because the company's principal place of business was in the transferee district and citizens of the transferor district "should not be burdened with jury duty."). For these reasons, this factor therefore weighs in favor of transfer.

### 7. Familiarity with governing law

The third public interest factor is "the current district's familiarity with the law that will govern the case." *In re TikTok, Incorporated*, 85 F.4th at 365 (internal quotation marks omitted) (quoting *In re Volkswagen of America, Inc.*, 545 F.3d at 315). The only law to apply here is federal law, which this Court and the Southern District of Alabama are "equally capable of applying[.]" *Id.* (internal quotation marks omitted) (quoting *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013)). So this factor is neutral.

### 8. Avoiding conflict of laws or foreign law problems

The fourth public interest factor is "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re TikTok, Incorporated*, 85 F.4th at 366 (internal

quotation marks omitted) (quoting *In re Volkswagen of America, Inc.*, 545 F.3d at 315). Perdido does not raise any conflict of laws issues or application of foreign law issues, and the Court is unaware of any such issues. Accordingly, this factor is unrelated to the transfer analysis. *In re Radmax, Ltd.*, 720 F.3d 285 (5th Cir. 2013) ("the district court properly reasoned that a transfer would not present a conflict of law or require the application of foreign law, and it concluded that this factor had no bearing on its transfer analysis.").

## C.  Weighing the Factors

Having analyzed the factors—of which two factors weigh in favor of transfer, one factor weighs slightly in favor of transfer, one factor is inapplicable, and four factors are neutral—the Court must now determine whether Perdido has "clearly demonstrate[ed] that a transfer is for the convenience of parties and witnesses, in the interest of justice." *In re Clarke*, 94 F.4th at 508 (internal quotation marks omitted) (quoting *Defense Distributed*, 30 F.4th at 433). In weighing the factors, the Fifth Circuit has cautioned courts against "a raw counting of the factors in each side, weighing each the same and deciding transfer only on the resulting 'score.'" *In re Radmax, Ltd.*, 720 F.3d 285, 290 (5th Cir. 2013). Instead, courts "must make factual determinations to ascertain the degree of actual convenience, if any, and whether such rises to the level of clearly more convenient." *SQIP, LLC v. Cambria Co., LLC*, No. 4:23-cv-202-SDJ, 2024 WL 1346498, at *2 (E.D. Tex. Mar. 29, 2024).

Upon consideration of the facts and law, transfer to the Southern District of Alabama would (1) reduce costs of attendance for potentially eleven willing witnesses located in the Southern District of Alabama; (2) respect the stronger local interest in having this case decided in Mobile, Alabama; and (3) facilitate the access of proof. Accordingly, the "degree of actual convenience"

favors transfer to the Southern District of Alabama. And because nearly all of the conduct giving rise to Mitchell's claims occurred in Mobile, Alabama, Perdido has shown that transfer to the Southern District of Alabama is clearly the more convenient venue to resolve this Action. *In re TikTok, Incorporated*, 85 F.4th at 364 (finding that "the place of the alleged wrong is one of the most important factors in venue determinations."). This Court therefore chooses to exercise its discretion to transfer this case to the Southern District of Alabama—a District with much stronger ties to the evidence and interests in this case.

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Perdido Trucking, LLC's Motion [10] to Transfer Venue is DENIED in part and GRANTED in part. This matter is transferred to the Southern District of Alabama.

IT IS FURTHER ORDERED AND ADJUDGED that the instant transfer order shall be stayed for 14 days.[6]

This the 7th day of August, 2024.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE

---

[6] When a case is transferred out of a circuit (in this case from the Fifth Circuit to the Eleventh Circuit), certain issues are presented that can present problems for the litigants and the district courts. District courts in the Fifth Circuit have been proposing rules to help alleviate some of these concerns. Indeed, both the Northern and Southern Districts of Mississippi recently proposed a local rule that would stay any transfer order to a district court outside the Fifth Circuit "for 14 days from the date the order is entered on the docket, unless the court orders otherwise." 2024 Proposed Amendments to Local Civil Rules, *Rule 52. Orders and Judgments* (last visited Aug. 7, 2024), https://www.mssd.uscourts.gov/sites/mssd/files/Notice%20for%20Public%20Comment%20on%202024%20Propose d%20Amendments%20to%20the%20Uniform%20Local%20Civil%20Rules.pdf. This local rule is still receiving public comments. But at least for this particular case, this Court finds that a time period of 14 days is reasonable to stay the transfer of the case.